IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-11177

Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

MARVIN TERRANCE HOLLOWAY

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:94-CR-121-Y)

May 23, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marvin Terrance Holloway pleaded guilty to being an accessory after the fact to the

commission of the offense of kidnaping and with interstate transportation in aid of a racketeering

enterprise. He appeals his sentence.

According to the written factual resume agreed to by both parties, Holloway transported

Orlando Hall from Pine Bluff, Arkansas to Little Rock, Arkansas so that Hall could fly to the

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Dallas/Fort Worth area for a drug deal. Hall met with two other men in Dallas and struck a deal, but the men ultimately refused to deliver drugs to Hall and kept $5,000 of Hall's money. Hall called Holloway, and asked him to find Bruce Webster and send him to Dallas. Hall then transported Webster to the airport. The next day, Holloway helped Webster obtain some of Hall's money, which Webster was to use to rent a hotel room for two other conspirators. Holloway then went to the airport to pick up Hall. Hall told Holloway that Webster had kidnaped a woman from the home of the Dallas drug dealers. Holloway and Hall drove to a local hotel, where Holloway saw the woman bound. Holloway left the hotel with Webster and Hall, and heard Webster and Hall plot to kill the woman. After the woman was murdered, Holloway consoled another coconspirator and suggested ways to remove evidence from a car used in the murder scheme.

Holloway's brief may be read to make two contentions on appeal: U.S.S.G. § 1B1.3 of the guidelines should not have been applied to attribute Holloway's codefendants' conduct to his sentence; and the district court did not depart from the sentencing guidelines sufficiently under U.S.S.G. § 5K1.1.

Holloway's claim that the "actions in kidnaping and killing [the victim] clearly had nothing to do with the Count 2 jointly undertaken activity, that is, Orlando Hall traveling to buy drugs" is without merit. The district court correctly applied U.S.S.G. § 2D1.1(d)(1), which requires the application of the murder guidelines, because the "underlying crime" of Holloway's conviction was conspiracy to distribute marihuana. See U.S.S.G. § 2E1.2(a)(2). The victim here was "killed under circumstances that would constitute murder under 18 U.S.C. § 1111 . . . ." § 2D1.1(d)(1). Applying § 2E1.2(a)(2) and § 2D1.1(d)(1), the guidelines point to § 2A1.1(a), which the district court correctly read to give Holloway a base offense level of 43. Furthermore, given the district court's factual

2

findings, we find no abuse of discretion in attributing the actions of Holloway's codefendants to Holloway at sentencing. Even under the defendant's reasoning, he is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . ." § 1B1.3(a)(1)(B). Holloway took Webster to the airport knowing that Hall and Webster planned to retaliate for the Dallas dealers' beating and theft from Hall. Holloway drove Hall from the airport, knowing that Hall had kidnaped the victim in retaliation for the drug theft. Holloway observed the victim bound in a hotel room, in his words, "praying for her life." Holloway loaned Hall his car, knowing that Hall and Webster planned to kill the girl. The court did not abuse its discretion by finding that the murder was reasonably foreseeable to Holloway.

Holloway's claim that the district court did not depart enough from his guideline sentence is without merit. Ordinarily, the district court's decision as to the extent of a downward departure below a statutory minimum sentence is committed to the almost complete discretion of the district court. U.S. v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995). A defendant may not appeal the extent of the departure under § 5K1.1 unless the departure was made in violation of law. Id. at 39. Holloway attempts to escape this bar by characterizing the issue as one that involves a "violation of law." He cites no authority, nor are we aware of any, for the proposition that the district court may not consider the otherwise relevant conduct of coconspirators whenever the government files a § 5K1.1 motion for a downward departure. Holloway has not demonstrated that the sentence was imposed in violation of law. Moreover, there was no abuse of discretion; while the district court was free to depart downwards based on Holloway's post-arrest cooperation, that did not obligate the court to ignore reasonably foreseeable conduct attributable to Holloway's pre-arrest actions.

AFFIRMED.

3